# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PARALLEL IRON, LLC** | |
| **Plaintiff,** | |
| v. | Civil Action No. _____ |
| **AMAZON WEB SERVICES, LLC, and AMAZON.COM, INC.,** | Jury Trial Demanded |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Iron, LLC ("Parallel Iron") files this complaint for patent infringement against Defendants Amazon Web Services, LLC, and Amazon.com, Inc. (collectively, "Defendants"):

## PARTIES

1. Plaintiff Parallel Iron is a Delaware limited liability company.

2. On information and belief, Defendant Amazon Web Services, LLC is a Delaware limited liability company with its principal place of business at 10 Terry Avenue North, Seattle, Washington 98109. Amazon Web Services, LLC may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. On information and belief, Defendant Amazon Web Services, LLC is a wholly owned subsidiary of Defendant Amazon.com, Inc.

3. On information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 10 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc. may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, each of the Defendants is subject to this Court's jurisdiction because each of the Defendants has transacted business in the District and in the State of Delaware. Specifically, each Defendant either directly and/or through intermediaries, on information and belief, ships, distributes, offers for sale, sells (including via the provision or use of such services over the Internet) products and services in this District. Additionally, the Defendants are entities organized and existing under the laws of the State of Delaware. On information and belief, each Defendant thus has minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

**FACTUAL BACKGROUND**

7. In this technological age, we take for granted the ability to access tremendous amounts of data through our computers and the Internet, a process that seems effortless and unremarkable. But this apparent effortlessness is an illusion, made possible only by technological wizardry. The amount of information that is used by many companies has outstripped the storage capacity of individual memory devices. The information must be stored across hundreds or thousands of individual memory devices and machines. The ability to keep track of information as it is distributed across numerous devices and machines, while still allowing users to retrieve it seamlessly upon request, is a feat that was impossible until recently.

It was made possible by the innovations of technological pioneers like Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison.

8.  Bullen, Dodd, Lynch and Herbison were, among others, members of a company dedicated to solving the difficult problems that limited the capacity of computer technology and the Internet, particularly problems concerning data storage. These engineers found innovative solutions for these problems and patented several technologies for data storage, including the ones at issue in this case. Many of the data-access feats we take for granted today are possible because of the data-storage inventions of Bullen, Dodd, Lynch and Herbison.

9.  Bullen, Dodd, Lynch and Herbison invented new ways of storing massive amounts of information across multiple memory devices that allow a storage system to track the information and quickly retrieve it, even when a memory device fails. In 2002, they applied for a patent covering their work, which the United States Patent Office issued in 2007 as U.S. Patent No. 7,197,662. Based on the same disclosure, the United States Patent Office issued U.S. Patent No. 7,543,177 in 2009 and U.S. Patent No. 7,958,388 in 2011. They assigned their rights to these inventions to the company in which they were members.

10. Defendants are technology companies that have been using Bullen, Dodd, Lynch and Herbison's inventions, benefiting from the hard work of these engineers, without their consent, and without compensating them or their company.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,197,662**

11. Parallel Iron realleges and incorporates by reference paragraphs 1-10 above.

12. Parallel Iron is the owner by assignment of United States Patent No. 7,197,662 ("the '662 patent") entitled "Methods and Systems for a Storage System." The '662 patent was duly and legally issued by the United States Patent and Trademark Office on March 27, 2007. A true and correct copy of the '662 patent is attached as Exhibit A.

13. Defendants make, use, import, offer for sale and/or sell in the United States a product and/or service implementing Hadoop Distributed File System (HDFS).

14. Upon information and belief, Defendants have infringed and continue to infringe the '662 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling products and/or services covered by one or more claims of the '662 patent. Such products and/or services include, by way of example and without limitation, those implementing HDFS, which are covered by one or more claims of the '662 patent, including but not limited to claim 14. By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '662 patent, Defendants have injured Plaintiff and are thus liable to Plaintiff for infringement of the '662 patent pursuant to 35 U.S.C. §271.

15. As a result of Defendants' past infringement of the '662 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' past infringement, but in no event less than a reasonable royalty for Defendants' use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

16. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '662 patent by Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,958,388

17. Parallel Iron realleges and incorporates by reference paragraphs 1-16 above.

18.     Parallel Iron is the owner by assignment of United States Patent No. 7,958,388 ("the '388 patent") entitled "Methods and Systems for a Storage System."  The '388 patent was duly and legally issued by the United States Patent and Trademark Office on June 7, 2011.  A true and correct copy of the '388 patent is attached as Exhibit B.

19.     Upon information and belief, Defendants have infringed and continue to infringe the '388 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling products and/or services covered by one or more claims of the '388 patent.  Such products and/or services include, by way of example and without limitation, those implementing HDFS, which are covered by one or more claims of the '388 patent, including but not limited to claim 2.  By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '388 patent, Defendants have injured Plaintiff and are thus liable to Plaintiff for infringement of the '388 patent pursuant to 35 U.S.C. §271.

20.     As a result of Defendants' infringement of the '388 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for Defendants' use of the invention, together with interest and costs as fixed by the Court.  Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

21.     Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '388 patent by Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,543,177

22.     Parallel Iron alleges and incorporates by reference paragraphs 1-21 above.


23. Parallel Iron is the owner by assignment of United States Patent No. 7,543,177 ("the '177 patent") entitled "Methods and Systems for a Storage System." The '177 patent was duly and legally issued by the United States Patent and Trademark Office on June 2, 2009. A true and correct copy of the '177 patent is attached as Exhibit C.

24. Upon information and belief, Defendant has infringed and continues to infringe the '177 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling products and/or services covered by one or more claims of the '177 patent. Such products and/or services include, by way of example and without limitation, those implementing HDFS, the use of which is covered by one or more claims of the '177 patent. By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '177 patent, Defendant has injured Plaintiff and is thus liable to Plaintiff for infringement of the '177 patent pursuant to 35 U.S.C. §271.

25. As a result of the Defendant's past infringement of the '177 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendant's past infringement, but in no event less than a reasonable royalty for Defendant's use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendant's infringing activities are enjoined by this Court.

26. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '177 patent by Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## PRAYER FOR RELIEF

For the above reasons, Parallel Iron respectfully requests that this Court enter:

a. A judgment in favor of Parallel Iron that Defendants have infringed the '662 patent, the '388 patent, and the '177 patent;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '662 patent, the '388 patent, and the '177 patent;

c. A judgment and order requiring Defendants to pay Parallel Iron its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '662 patent, the '388 patent, and the '177 patent as provided under 35 U.S.C. § 284; and

d. Any and all other relief to which Plaintiff Parallel Iron may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Parallel Iron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 18, 2012                                            BAYARD, P.A.

                                                                                     */s/ Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
(302) 655-5000

**ATTORNEYS FOR PLAINTIFF
PARALLEL IRON, LLC**